IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENDRICK DEWAYNE MOORE,

              Plaintiff,

vs.                                                  Case No. 21-3190-SAC

ELDORADO CORRECTIONAL FACILITY,
et al.,

              Defendants.

**O R D E R**

Plaintiff, pro se, has filed this in forma pauperis action on forms for bringing a civil rights complaint pursuant to 42 U.S.C. § 1983.[1] This case is before the court for the purposes of screening plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2).

I. Screening standards

Section 1915(e)(2) requires the court to dismiss cases brought in forma pauperis if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

---

[1] Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

Nevertheless, a pro se litigant must follow the same procedural rules as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992).  The court will not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on [a pro se] plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

II. The complaint

Plaintiff's complaint references, among other matters, a phone being traced and plaintiff's right to privacy being violated, plaintiff taking losses by the cartel, plaintiff being God on Earth, plaintiff facing a life sentence, and rape. Plaintiff asks for 200 trillion dollars.

III. Screening

The complaint does not set forth an intelligible claim for relief contrary to the requirements of Fed.R.Civ.P. 8(a)(2). Any claim of a privacy violation is conclusory and the court is not obliged to accept it was true.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Plaintiff does not coherently describe how his constitutional rights have been violated by any named defendant.  Therefore, the complaint is subject to dismissal. See Gatewood v. Pennicol, 728 Fed.Appx. 889 (10th Cir. 6/27/2018); Galindo v. Lampela, 513 Fed.Appx. 751 (10th Cir. 3/19/2013).

2

IV. Conclusion

The court grants plaintiff time until January 5, 2022 to show cause why this case should not be dismissed or to file an amended complaint which corrects the deficiencies identified in the original complaint. If plaintiff does not file a timely and sufficient response or an amended complaint stating a plausible and intelligible claim which may be heard in this court, this case may be dismissed. An amended complaint should be written on court-approved forms and contain every claim plaintiff wishes to litigate in this case. It should not refer back to the original complaint. If plaintiff's address changes, he is obliged to inform the court of the change of address. D.Kan.R. 5.1(c)(3).

**IT IS SO ORDERED.**

Dated this 9th day of December 2021, at Topeka, Kansas.

s/Sam A. Crow
U.S. District Senior Judge