IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENDRICK DEWAYNE MOORE,

           Plaintiff,

vs.                                            Case No. 21-3190-SAC

ELDORADO CORRECTIONAL FACILITY,
et al.,

           Defendants.

**O R D E R**

On December 9, 2021, the court issued an order directing plaintiff to show cause by January 5, 2022 why this case should not be dismissed or file an amended complaint. Doc. No. 8. The court stated that plaintiff had not presented an intelligible claim in the original complaint. Plaintiff has filed an amended complaint on a form for bringing an action under 42 U.S.C. § 1983. Doc. No. 9. This case is before the court for the purpose of screening the amended complaint. The court applies the same screening standards the court described at pp. 1-2 of Doc. No. 8.

The amended complaint is difficult to understand. Plaintiff alleges that "Tess Brown" was raped by inmates at the El Dorado Correctional Facility (EDCF) and that plaintiff's life is in jeopardy because "they" tried to kill plaintiff with guns and food poison. Plaintiff claims that all of his constitutional rights have been violated. He asserts that he has no privacy and that

1

there was a camera in a suicide cell. Plaintiff also asserts that he is "God on Earth" and asks to be "free in this world with a[] billion dollars."[1] Plaintiff lists Tess Brown as a defendant. He also names EDCF and John Doe EDCF inmates as defendants.

The amended complaint fails to state a claim for relief for the following reasons. First, when evaluating a complaint, the court does not accept a plaintiff's legal conclusions as true and the court requires sufficient factual content to draw a reasonable inference of liability against a defendant. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008). The claims that plaintiff can't have privacy or that all of his constitutional rights have been violated (including his Eighth Amendment and Fourth Amendment rights), are conclusory and fail to provide a basis for relief. In addition, in Hudson v. Palmer, 468 U.S. 517, 527-28 (1984), the Court held that prisoners had no legitimate expectation of privacy in their prison cells and no interest against even an unreasonable cell search.

Second, to state a claim a plaintiff must allege that he or she suffered an injury in fact or that an injury is imminent and that the injury is traceable to the challenged action of the defendant and is likely to be redressed by a favorable decision. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992). Plaintiff

---

[1] If plaintiff is challenging the fact or duration of his confinement, then he must bring a habeas corpus action, not a claim under § 1983. Boutwell v. Keating, 399 F.3d 1203, 1209 (10th Cir. 2005).

does not allege such an injury in the amended complaint. Third, pursuant to 42 U.S.C. § 1997e(e), plaintiff may not recover any damages in federal court, much less billions of dollars, because he has not alleged a physical injury or the commission of a sexual act against him.

Fourth, the amended complaint fails to state a claim because plaintiff's collective references to "they" or EDCF inmates committing a wrongful act fail to give fair notice to a defendant of a claim for relief as required by Fed.R.Civ.P. 8(a). See Mayfield v. Presbyterian Hospital Administration, 772 Fed.Appx. 680, 686 (10th Cir. 2019)(dismissing claims against John Doe county sheriff officers); Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)(allegation that "defendants" failed to protect and supervise a child does not provide fair notice to defendants of what acts are attributable to them as individuals).

Fifth, plaintiff does not allege facts plausibly indicating that either Tess Brown or EDCF inmates acted under the authority of state law, as necessary for stating a claim under § 1983. See West v. Atkins, 487 U.S. 42, 48 (1988). And, assuming that EDCF is a state actor which may be sued under § 1983, plaintiff does not allege facts describing a violation of the Constitution or federal law by EDCF.

The court notes that plaintiff has filed a motion for appointment of counsel. Doc. No. 6. This motion must be denied,

however, because plaintiff does not have a constitutional right to appointment of counsel and this case clearly lacks merit. See Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004)(indigent prisoner has the burden to convince the court that there is sufficient merit in his case to warrant appointment of counsel). "It is not enough 'that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case.'" Steffey v. Orman, 461 F.3d 1218, 1223 (10th Cir. 2006)(quoting Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995)).

In summary, plaintiff's motion for appointment of counsel (Doc. No. 6) is denied and this case is dismissed for failure to state a claim for relief.

**IT IS SO ORDERED.**

Dated this 6th day of January 2022, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge